## PERRY v. WALSTON.

### No. 10119.

Court of Civil Appeals of Texas. San Antonio.

Sept. 30, 1936.

Carl Runge, of Mason, Sam McCollum, of Brady, and Wm. E. Davenport, of San Angelo, for appellant.

Walter Woodward, of Coleman, Coke R. Stevenson, of Junction, and T. A. Scruggs, H. W. Toepperwein, and Frank Hartgraves, all of Menard, for appellee.

MURRAY, Justice.

This is an election contest instituted by Sam Perry against Cecil Walston for the Democratic nomination for the office of sheriff and tax collector and assessor of Menard county, Tex.

There are no questions here raised, and it is conceded that the contest was properly begun, and that due notice of intention of the contest was served upon the contestee, Cecil Walston. The only complaint made was that this election contest could not be heard at a special term of the district court of Menard county, the contestee, Walston, evidently having taken the position that the district court sitting at a special term had no jurisdiction of the subject matter or over him personally, did not appear at such special term. However, certain attorneys did appear as amici curiæ and suggested to the court that it had no jurisdiction over the subject matter of the contest or the person of Walston, and the court, after considering said matter, agreed with this contention and dismissed the contest on the ground that the contest could not be heard at a special term and it would become moot before a regular term of the court would convene in Menard county. From this judgment of dismissal the contestant, Sam Perry, has prosecuted this appeal.

If it be the law that statutory election contests cannot be heard at a special term of the district court, but must be heard at regular terms of such court, then it appears that in many counties in Texas there could be no such thing as a hearing upon an election contest because there are many counties in this state in which the district court does not convene in regular session between the primary election and the general election.

A statutory election contest is neither a civil suit nor a criminal case; it is a special statutory proceeding specifically provided for by the statutes of this state (Vernon's Ann.Civ.St. art. 3041 et seq.). The defendant is not brought into court by the issuance of a citation, but jurisdiction is granted over the contestee by simply serving him with a notice of intention on the part of the contestant to contest the result of the election. After this notice has been properly served upon him for a specified period of time, he then is required to answer the contestant's petition.

We see no reason why such a contest should not be heard at a special term of the district court. No such hearing is precluded by the statute (Vernon's Ann.Civ.St. art. 1920) which provides that no new civil suit shall be heard at a special term of the court, for the simple reason that an election contest is not a civil suit. It is true that a statute providing that an election contest could be heard in vacation has been held to be unconstitutional, because the provision of the Constitution which authorizes the bringing of election contests gives the jurisdiction to hear and determine such contests to the district court, and not to the district judge in vacation. But this provision of the Constitution is fully complied with when the district judge calls a special term of the district court to hear such contest and does not attempt to hear same in vacation.

We are of the opinion that it is not only proper for the district judge to call a special term of his court for the purpose of disposing of an election contest, but it is in fact his duty to do so, if he has time and such special term would not conflict with his other duties. In other words, the calling of a special term is always addressed to the sound discretion of the district judge of the particular district.

We are aware of the fact that this case will soon become moot, that very little time remains within which it may be tried and disposed of, but, not being fully advised as to all the facts and circumstances bearing on whether or not there is yet sufficient time to dispose of this case, the same will be reversed and remanded for such action as the court below may think proper under all the circumstances.

The cost of this appeal is taxed against the contestee, Walston.

Due to the short space of time existing before this case will become moot, appellee will not be permitted to file a motion for rehearing, and the clerk of this court will issue a mandate at once.

SMITH, C. J., did not participate in the decision of this case.